IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 6:09-578-HMH |
| vs. ) | |
| ) | |
| Donna Hernandez, ) | **OPINION & ORDER** |
| ) | |
| Movant. ) | |

This matter is before the court on Donna Hernandez's ("Hernandez") motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Hernandez's § 2255 motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On August 19, 2009, Hernandez pled guilty to one count of conspiracy to defraud the United States and one count of counterfeiting. On December 14, 2009, Hernandez was sentenced to 61 months' imprisonment. Hernandez did not appeal her conviction and sentence. Hernandez filed the instant § 2255 motion on May 26, 2010.[1]

In her § 2255 motion, Hernandez alleges a double jeopardy claim and ineffective assistance of counsel claims arguing that her counsel was constitutionally ineffective for (1) failing to spend sufficient time with her prior to entry of her plea, (2) failing to "adequately explain the legal process," and (3) failing to challenge "the illegality claim of double jeopardy." (§ 2255 Mot., generally.) The court will address each of Hernandez's alleged grounds for relief below.

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

## II. Discussion of the Law

### A. Double Jeopardy Claim

Hernandez alleges that "[o]riginally, I was arrested on federal charges of forgery and conspiracy. I am now being held on the exact same charges from the state of South Carolina." (§ 2255 Mot. 5.) This claim is without merit. Pursuant to Hernandez's Presentence Investigation Report ("PSR"), when Hernandez was sentenced, she had pending charges for two counts of forgery, one count of drug trafficking, and one count of drug trafficking near a school in state court. The state court charges were based on new criminal conduct committed after the offenses charged in this action. (PSR ¶ 45.) She was arrested for the new criminal conduct while on bond for the instant offense on September 4, 2009 and was taken into state custody. (Id. ¶ 20.) Based on the foregoing, there is no evidence to support a double jeopardy claim.

Further, "habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal quotation marks omitted). This claim "is procedurally defaulted as a result of [Hernandez's] failure to raise it on direct review." Gao v. United States, 375 F. Supp. 2d 456, 465 (E.D. Va. 2005) (citing Bousley, 523 U.S. at 621). Moreover, even if the prosecution of the state charges raises a double jeopardy issue, the state court is the proper place to raise such an argument.

### B. Ineffective Assistance of Counsel Claims

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Hernandez must demonstrate that her counsel's performance fell below an objective standard of reasonableness, and that she was prejudiced by her counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first

prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Hernandez must demonstrate a "reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Hernandez claims that her counsel was ineffective for failing to spend sufficient time with her prior to entry of her plea and failing to "adequately explain the legal process." However, these claims are without merit. Hernandez pled guilty. "A voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge . . . and constitutes an admission of all material facts alleged in the charge." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (internal quotation marks and citations omitted). "Furthermore, a guilty plea constitutes a waiver of all nonjurisdictional defects . . . including the right to contest the factual merits of the charges." Id. (internal quotation marks and citations omitted).

During the guilty plea colloquy, Hernandez stated that she had enough time to discuss her case with counsel and that she was satisfied with her counsel's representation. (Guilty Plea Tr. 8-9.) When asked if she had any complaints of her attorney or anyone in connection with the case, Hernandez also responded, "No." (Id. at 9.) Additionally, during her guilty plea hearing, Hernandez stated that no one forced, threatened, or coerced her to plead guilty. (Id. at 17.) Hernandez was advised of the charges, the potential penalties, the elements of the offense, and the rights that she was waiving by pleading guilty. (Id. at 1-17.) Hernandez further stated that she understood the rights she was waiving. (Id. at 17.) In addition, Hernandez admitted her

guilt multiple times. (Guilty Plea Tr. at 18, 24.) Accordingly, the court finds that Hernandez voluntarily and intelligently pled guilty to the charges.

Also, Hernandez fails to explain how she has been prejudiced by counsel's alleged failures with respect to spending adequate time with Hernandez or explaining the legal process. "[I]f the ineffectiveness alleged was a failure to investigate thoroughly, which in turn caused the defendant to plead guilty, the defendant must show a likelihood that some evidence would have been discovered which would have caused the attorney to change his recommendation to enter into a plea agreement." United States v. Kauffman, 109 F.3d 186, 191 (3d Cir. 1997). Hernandez does not explain how additional time spent with her would have aided her defense or revealed additional evidence in support of her defense. These conclusory allegations fail to show that counsel acted in an objectively unreasonable manner. As such, these claims are without merit and warrant no further consideration.

Finally, Hernandez alleges that counsel was constitutionally ineffective for failing to raise a double jeopardy claim. For the reasons set forth above, this claim fails.

It is therefore

**ORDERED** that Hernandez's § 2255 motion is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Hernandez has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

                                              s/Henry M. Herlong, Jr.
                                              Senior United States District Judge

Greenville, South Carolina
June 3, 2010

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that she has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.